**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                          Case No.   1:12-cr-273-JEC

**ALEXANDER WILLIAMS**

                                                                              Defendant's Attorney
                                                                              John Garland

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

The defendant pleaded guilty to Count(s) 1 of the Information.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 1349 | Conspiracy to Commit Bank Fraud | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

| | | |
|---|---|---|
| Defendant's Soc. Sec. No. | XXX-XX-4413 | Date of Imposition of Sentence: 5/21/13 |
| Defendant's Date of Birth: | 1972 | |
| Defendant's Mailing Address: | | |
| Lovejoy, GA | | |

Signed this the 3rd day of JULY, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

**IMPRISONMENT**

The Court imposes a sentence of **27 months, running from the arrest date of 10-26-11.** The Court's intent is for Defendant to receive credit for the almost 19 months he has already served.  Defendant is entitled to credit for all his time in pre-trial custody, under 18 U.S.C.A. § 3585, "(b) Credit for prior custody.-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C.A. § 3585.  Defendant's time Cobb County custody, pursuant to Cobb County case 12-9-2680-48, was not "credited against another sentence" and therefore pursuant to  18 U.S.C.A. § 3585(b) must be credited against Defendants sentence in this case.

 It is further the Court's intent that Defendant **earn good time credit on all of his time in pre-trial custody** as well.  "When the BOP calculates GCT, therefore, it will include the time spent in custody following the date of sentencing as well as any period of presentence custody credited under § 3585(b), since both periods, in combination, constitute the defendant's federal sentence." Lopez v. Terrell, 654 F.3d 176, 184 (2d Cir. 2011) cert. denied, 132 S. Ct. 2115, 182 L. Ed. 2d 870 (U.S. 2012).

It is further the Court's intent that, assuming Defendant continues to earn good time credit under 18 U.S.C.A. § 3624 by continuing to display "exemplary compliance with institutional disciplinary regulations" (as decided by the Bureau of Prisons), by the end of his sentence he will have earned  **a total of 106 days good time credit for a projected total sentence length of 714 days, with a release date of 10-09-13** (assuming that defendant continues to earn good time credit as decided by the Bureau of Prisons).

If the BOP calculates the above differently than that Court, it is intended that the Court's sentence should be adjusted to result in the above release date, assuming defendant continues to earn good time at the anticipated rate.

The defendant is remanded to the custody of the United States Marshal.

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____

Deputy U. S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) Years.**

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 USC § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

## SPECIAL CONDITIONS

Pursuant to 42 USC Section 14135a(d) and 10 USC Section 1565(d), which require mandatory DNA testing for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the probation officer.

The defendant shall not own, possess or have under his control a firearm, dangerous weapon, or other destructive device as defined in 18 USC § 921.

The defendant shall make a full and complete disclosure of his finances and submit to an audit of his financial documents, at the request of the Probation Office.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall submit to a search of his person, property (real, personal, or rental), residence, office, and/or vehicle, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence or a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

1:12-cr-273-JEC : ALEXANDER WILLIAMS

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## RESTITUTION

Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the **monthly rate** of at least **$200.00,** to commence 30 days after his release from custody.

Any payment made that is not payment in full shall be divided proportionately among the persons named. The restitution shall be paid in full immediately.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The defendant shall make restitution in the amount of **$30,000** to the following person(s) in the following amounts:

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| Kaiser Permanente<br>NCO, National Special<br>Investigations Unit<br>75 N. Fair Oaks, NCO 1st Floor<br>Pasadena, CA 91103<br>Attn: Barbara Naimark, Director | $22,269.72 |
| Wells Fargo (victim Fanelli)<br>Dept. 2038<br>Denver, CO 80291-2038 | $3,790.76 |
| Wells Fargo (victim Huber)<br>Dept. 2038<br>Denver, CO 80291-2038 | $3,939.52 |